

**.net**

Search for Cases by: Select Search Method... ⬦

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess Logoff BETHBOGGS67

2016-CV09850 - SHELBY N ELLEBRACHT V WALMART INC. (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case     Sort Date Entries: ⦿ Descending   Display Options:
Click here to Respond to Selected Documents       ◯ Ascending    | All Entries ⬦ |

---

**04/09/2020**    **Summons Personally Served**
Document ID - 20-SMCC-2920; Served To - WALMART INC.; Server - ; Served Date - 06-APR-20; Served Time - 09:55:00; Service Type - Special Process Server; Reason Description - Served

**Note to Clerk eFiling**
Filed By: A SCOTT WADDELL

**Notice of Service**
Affidavit of Service; Electronic Filing Certificate of Service.
Filed By: A SCOTT WADDELL
On Behalf Of: SHELBY N. ELLEBRACHT

**04/04/2020**    **Entry of Appearance Filed**
Entry of Appearance of Pamela Nagel Jorgensen; Electronic Filing Certificate of Service.
Filed By: PAMELA NAGEL JORGENSEN
On Behalf Of: SHELBY N. ELLEBRACHT

**Entry of Appearance Filed**
Entry of Appearance of Jack McInnes; Electronic Filing Certificate of Service.
Filed By: JACK DUNCAN MCINNES
On Behalf Of: SHELBY N. ELLEBRACHT

**04/02/2020**    **Entry of Appearance Filed**
ENTRY OF APPEARANCE ERIC PLAYTER; Electronic Filing Certificate of Service.
Filed By: ERIC SCOTT PLAYTER
On Behalf Of: SHELBY N. ELLEBRACHT

**Summons Issued-Circuit**
Document ID: 20-SMCC-2920, for WALMART INC..

**Case Mgmt Conf Scheduled**
Scheduled For: 07/21/2020; 8:30 AM ; CORY LEE ATKINS; Jackson - Independence

**Order - Special Process Server**

**03/27/2020**    **Correspondence Sent**
Filing Fee $2.50

**Judge Assigned**

**03/24/2020**    **Filing Info Sheet eFiling**
Filed By: A SCOTT WADDELL

**Note to Clerk eFiling**
Filed By: A SCOTT WADDELL

**Motion Special Process Server**
Motion for Special Process Server.
Filed By: A SCOTT WADDELL
On Behalf Of: SHELBY N. ELLEBRACHT

**Pet Filed in Circuit Ct**
Class Action Petition.

## IN THE 16TH CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **SHELBY ELLEBRACHT**, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | Division \_\_\_\_\_ |
| **WALMART INC.,**<br>Serve Registered Agent:<br>CT Corporation System<br>120 South Central Ave<br>Clayton, MO 63105, | ) ) ) ) ) | **CLASS ACTION PETITION**<br><br>**JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### CLASS ACTION PETITION

COMES NOW Plaintiff, Shelby Ellebracht, individually and on behalf of all others similarly situated, and for her action against Defendant Walmart Inc., states and alleges as follows:

### INTRODUCTION

1.  Plaintiff brings this action to address a serious safety-related defect in the design and manufacture of Walmart's Mainstays candles. Specifically, the candles are becoming engulfed in flames and/or exploding. Plaintiff seeks to certify this case as a class action, and to recover damages and equitable relief, including restitution and injunctive relief.

### PARTIES

2.  Plaintiff Shelby Ellebracht is a resident of Jackson County, Missouri.

3.  Defendant Walmart Inc. (hereinafter "Defendant" and/or "Walmart") is a corporation organized to do business under the laws of the state of Arkansas and registered to do business in the state of Missouri. Defendant's principal place of business is at 708 SW 8th Street, Bentonville, Arkansas 72716.

4.    Defendant Walmart may be served through its registered agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

### JURISDICTION AND VENUE

5.    This Court has original jurisdiction over this matter pursuant to Mo. Const. Art. 5, § 14(a) and RSMO § 478.220.

6.    This Court has personal jurisdiction over defendant Walmart Inc. because it does business in Jackson County, Missouri.

7.    The amount in controversy is over $25,000.00.

8.    Venue is proper pursuant to RSMO § 508.010 because Plaintiff was first injured in Jackson County, Missouri.

### ALLEGATIONS COMMON TO ALL COUNTS

9.    On or about February 1, 2018, Plaintiff purchased a Mainstays-branded candle from the Walmart store located at 600 NE Coronado Drive, Blue Springs, Missouri 64014.

10.    Mainstays is a Walmart house brand.

11.    Mainstays candles are manufactured exclusively for Walmart and its subsidiaries.

12.    Mainstays candles are marketed to the public exclusively by Walmart and its subsidiaries.

13.    On or about February 12, 2018, Plaintiff lit her Mainstays candle for the first time.

14.    Plaintiff burned the candle on the bathroom counter near a sink. The candle was not touching or adjacent to anything except the level surface of the counter upon which it sat. There were no objects or loose materials above or in close proximity to the candle. There were no open windows or appreciable drafts in the bathroom. The water in the sink was not running and the faucet was not dripping.

2

Electronically Filed - Jackson - Independence - March 24, 2020 - 05:01 PM

15. After burning for an estimated one hour or less, the candle became engulfed in high flames. The flames were not restricted to the wick and appeared to involve the entire exposed surface area of the candle wax.

16. The flames from the candle were high enough and hot enough to blacken the ceiling after a very short period of time. Fearing that the flames would start a house fire, Plaintiff pushed the candle across the counter and into the bathroom sink.

17. When the candle went into the sink, it exploded. Flaming wax splattered all over the bathroom and onto Plaintiff.

18. As a direct and proximate result of this aforementioned occurrence, Plaintiff was injured and damaged, including but not limited to, the following:

    (a)    A second-degree burn on her right thigh, which required emergency medical treatment and additional treatment after the burn became infected;

    (b)    Permanent scarring and disfigurement from the right thigh burn;

    (c)    Loss of sensation around the burned area;

    (d)    Photosensitivity of the scar tissue, which forces Plaintiff to keep it covered and interferes with her enjoyment of recreational activities, particularly boating and swimming;

    (e)    Pain, embarrassment, and emotional distress;

    (f)    Lost time from work and school while Plaintiff was unable to walk;

    (g)    Cost of medical treatment;

    (h)    Damage to Plaintiff's bathroom; and

    (i)    The amount paid for the subject candle.

19. Defendant had notice at least as early as March 2016 of other incidents in which Mainstays candles caused similar injuries and/or damages.

20. Prior to Plaintiff's injury, customers filed claims with Walmart for similar injuries and/or damages which the customers alleged to have been caused by Mainstays candles.

21. Prior to Plaintiff's injury, multiple customers called Walmart's customer service telephone hotline and/or posted on Walmart's Facebook page regarding dangerous experiences that they had with Mainstays candles. Customers described candles with flames several feet high that could not be blown out; candles in which all the wax was liquified and aflame; candles causing scorching or smoke damage to ceilings; and candles exploding while burning, creating a shower of glass, melted wax, and/or burning wax.

22. Since Plaintiff's injury, additional customers have reported similar incidents.

23. As of the filing of this Petition, Walmart continues to sell Mainstay candles. As of the filing of this Petition, Walmart has not warned customers of the defect or instructed purchasers on how to handle situations in which the candles become engulfed in flames and/or explode. Walmart has failed to disclose the existence of this defect to Plaintiff and other customers and purchasers, has failed to recall the defective candles, and has failed to reimburse Plaintiff and other purchasers for the cost of purchasing the defective candles and/or the injuries and damages they suffered as a result of Walmart's conduct.

## CLASS ALLEGATIONS

24.     Plaintiff, in accordance with and pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, brings this action on behalf of herself and a statewide Class of similarly-situated individuals, defined as follows: All citizens of Missouri who purchased defective Mainstays-branded candles from Walmart or its subsidiaries on or after March 15, 2015, OR who suffered property damage and/or personal injury caused by defective Mainstays candles purchased from Walmart or its subsidiaries on or after March 15, 2015, AND who meet the definition of one or more of the following subclasses:

(a)     *Subclass I: Persons in the Class who purchased one or more defective Mainstays-branded candles from Walmart Inc. or its subsidiaries for personal or household purposes on or after March 15, 2015 and suffered economic damages.*

(b)     *Subclass II: Persons in the Class who suffered property damage as a result of a fire, high flames, candle flashover, and/or explosion attributed to the candle, whether or not the person suffering the damage was the purchaser of the candle.*

(c)     *Subclass III: Persons in the Class who were injured as a result of a fire, high flame, candle flashover, and/or explosion attributed to the candle, whether or not the injured person was the purchaser of the candle.*

25.     Class Period: The Class period is March 15, 2015 through present.

26.     Exclusions: Excluded from the Class are:

5

Electronically Filed   Jackson - Independence - March 24, 2020 - 7:21 PM

(a)     Any judge presiding over this action and the family members of any judge presiding over this action;

(b)     Defendant, its subsidiaries, its parents, its successors, its predecessors, any other entity in which Defendant or its parents have a controlling interest, and current or former offices and directors of Defendant, its subsidiaries, its parents, its successors, its predecessors, any other entity in which Defendant or its parents have a controlling interest;

(c)     Employees who have or had a managerial responsibility on behalf of Defendant, whose act or omission in connection with this matter may be imputed to Defendant for purposes of civil or criminal liability, or whose statement may constitute an admission on the part of Defendant;

(d)     Persons who properly execute and file a timely request for exclusion from the class;

(e)     The attorneys working on Plaintiff's claims; and

(f)     Legal representatives, successors, or assigns of any such excluded persons.

27.     Numerosity: Upon information and belief, the Class Members include thousands of individuals, making their individual joinder herein impracticable. Although Plaintiff does not know the precise number of Class Members, the total number of Class Members is not expected to greatly exceed the number of members of Subclass I. The number of Subclass I claims is ascertainable using Defendant's records of candle sales. Members of Subclasses II and III are

6

Electronically Filed - Jackson - Independence - March 24, 2020 - 04:51 PM

expected to primarily consist of subsets of the members of Subclass I. A relatively small number of non-purchasers who were injured or damaged by a candle purchased by another person are expected in Subclasses II and III, but the total number of Subclass II and III members is expected to roughly correlate to a subset of the total number of candles sold. Class Members may be notified of the pendency of this action by mail, email and/or published notice.

28. Typicality: Plaintiff is a member of Subclass I, Subclass II, and Subclass III. Plaintiff's claims are typical of Subclass I because she paid for a defective Mainstays candle and suffered a corresponding loss in the amount of the purchase price. Plaintiff's claims are typical of the members of Subclass II because the Mainstays candle she bought caused property damage from fire, heat, exploding glass and splattering wax when the candle burned too high and too hot, when the candle flashed over, and when the glass container exploded. Plaintiff's claims are typical of the members of Subclass III because she suffered a burn injury when the candle burned too high and too hot, when the candle flashed over, and when the glass container exploded.

29. Adequacy: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff has retained competent and experienced counsel, and Plaintiff intends to prosecute this action vigorously on behalf of the Class. The interest of Class Members will be treated fairly and adequately protected by Plaintiff and her counsel.

30. Predominance and Superiority: This class action is appropriate for certification because common questions of fact and law, such as whether the candles were defective, and whether Plaintiff and other Class Members were adequately warned, predominate over questions specific to individuals, such as damages. This class action is appropriate for certification because class proceedings are superior to all over available methods for the fair and efficient adjudication

of this controversy and joinder of all Class Members is impracticable. The damages suffered by most of the individual Class Members will likely be small relative to the burden and expense of individual prosecution of the complex litigation required to obtain recovery for the damages they sustained, and, in many cases, outweigh it altogether. This makes it impractical and virtually impossible for the Class Members to obtain effective relief through individual suits.

31.     Even if Class Members were able to individually sustain such litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Petition. A class action is preferable because it presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

32.     Commonality: Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual members. Such questions include, but are not limited to:

> (a)     Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were defective as designed;
>
> (b)     Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were defective as manufactured;
>
> (c)     Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were negligently designed;
>
> (d)     Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were negligently manufactured;

8

Electronically Filed Jackson - Independence - March 24, 2020 - 03:51 PM

(e)    Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were negligently sold;

(f)    Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were accompanied by adequate warnings;

(g)    Whether Mainstays-branded candles sold by Defendant to Plaintiff and other Class Members were accompanied by adequate instructions;

(h)    Whether Defendant had notice that the Mainstays-branded candles it sold to Plaintiff and other Class Members were defective;

(i)    Whether Defendant was negligent by failing to recall the candles, discontinue selling the candles, or take other remedial action after Defendant learned the candles were involved in fires, explosions, injuries and property damage that should not have resulted from ordinary use of the candles;

(j)    Whether Defendant's conduct relative to the production and sale of the candles constituted a deceptive or unfair practice within the scope of the Merchandising Practices Act;

(k)    Whether and to what extent Plaintiff and the Class Members have sustained damages as a result of Defendant's conduct alleged herein; and

(l)    Whether Defendant's conduct merits the award of punitive damages.

9

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:51 PM

## COUNT I
## NEGLIGENCE

33.　Plaintiff incorporates the above and foregoing paragraphs in her Class Action Petition by reference as though fully set forth herein.

34.　Defendant knew, or by exercise of reasonable care, should have known that the Mainstays candles it sold to Plaintiff and other Class Members were dangerous when used in an ordinary manner.

35.　Defendant had no reason to believe that Plaintiff or other Class Members would realize that the candles were dangerous.

36.　Defendant owed Plaintiff and other Class Members a duty of care.

37.　Defendant's duty of care to Plaintiff and other Class Members included, but was not limited to, the following:

(a)　A duty to refrain, in the course of selling Mainstays candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

(b)　A duty to refrain, in the course of marketing Mainstays candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

(c)　A duty to refrain, the course of causing and ordering the production of Mainstays candles, from actions and omissions would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:51 PM

(d)     A duty to take reasonable steps to mitigate reasonably foreseeable risk of harm to Plaintiff and other Class Members caused by the use of candles Defendant sold, marketed, and ordered to be manufactured;

(e)     A duty to adequately warn Plaintiff and other Class Members of the reasonably foreseeable risks of harm from the use of the Mainstays candles it sold and marketed; and

(f)     A duty to supply Plaintiff and other Class Members with adequate instructions regarding the safe use of the Mainstays candles it sold and marketed.

38.     Defendant breached its duty of care to Plaintiff and other Class Members, and was thereby negligent, through its acts and omissions, including but not limited to, the following:

(a)     Ordering the production of candles without requiring reasonably safe specifications for the candles and their components when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from its failure to do so;

(b)     Ordering the production of candles without requiring safety testing and adequate quality control when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from its failure to do so;

11

(c)      Selling candles that Defendant knew, or by exercise or reasonable care, should have known, could not be burned without unreasonable risk of injury and property damage;

(d)      Continuing to sell Mainstays-branded candles after Defendant received reports of Mainstays candles functioning unsafely, causing injury, causing property damage, burning out of control, flashing over, burning with excessively high flames, and/or exploding during use, when Defendant knew, or by exercise of reasonable care, should have known that continuing to sell the candles was reasonably likely to result in injury to Plaintiff and other Class Members;

(e)      Failing to take any remedial or corrective action in response to reports of Mainstays candles functioning unsafely, causing injury, causing property damage, burning out of control, flashing over, burning with excessively high flames, and/or exploding during use, when Defendant knew, or by exercise of reasonable care, should have known that failing to do so was reasonably likely to result in injury to Plaintiff and other Class Members;

(f)      Selling Mainstays candles without adequate warning to Plaintiff and other Class Members about the risk of harm from burning the candles when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from doing so;

12

(a)     That if the flames got high, the candle was unsafe and should be extinguished;

(b)     That the candle wax might get so hot while the candle was lit that all or most of the candle wax would liquify, and that if that happened, the candle was unsafe and should be extinguished;

(c)     That the entire pool of melted wax might catch on fire ("flash over");

(d)     That if the candle flashed over, the temperature would be significantly hotter and pose a greater fire hazard than a properly burning candle; and

(e)     That the glass container might break or explode, propelling broken glass and/or burning or melted wax.

85.     Defendant did not provide any warning or instruction to Plaintiff and other Class Members regarding recognizing when the candle was burning unsafely and how to safely extinguish it under such circumstances.

86.     Defendant had no reason to believe that ordinary consumers, such as Plaintiff and other Class Members, would be aware of the aforementioned risks and dangers.

87.     As a direct and proximate result of Defendant's failure to provide adequate warnings, Plaintiff was injured and damaged as set forth in Paragraph 18 of this Petition.

88.     As a direct and proximate result of Defendant's failure to provide adequate warnings, all members of Subclass I were induced to buy candles that they otherwise would not have chosen to buy, and were damaged in the amount they paid for the candle they purchased from Defendant.

(g)      Selling Mainstays candles without adequate warning to consumers about the risk of burning wax and/or explosions when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from doing so;

(h)      Selling Mainstays candles without providing adequate safety instructions about how to safely extinguish a candle that began burning out of control, burning with high flames, or when the candle flashed over (the wax itself started burning,) when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from doing so; and

(i)      Selling Mainstays candles without providing adequate safety instructions about how to recognize that a candle had become dangerous and how to respond when Defendant knew, or by exercise of reasonable care, should have known that injury to Plaintiff and other Class Members was reasonably likely to result from doing so.

39.      Defendant knew, or by exercise of reasonable care, should have known that the aforesaid breaches of duty were reasonably likely to result in injury or damage to Plaintiff and other Class Members.

40.      As a direct and proximate result of Defendant's negligence, Plaintiff was injured and damaged as set forth in Paragraph 18 of this Class Action Petition.

Electronically Filed - Jackson - Independence - March 24, 2020 - 03:51 PM

41.     As a direct and proximate result of Defendant's negligence, all members of Subclass I were damaged in the amount they paid for the candle they purchased from Defendant.

42.     As a direct and proximate result of Defendant's negligence, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to such property damage.

43.     As a direct and proximate result of Defendant's negligence, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

44.     By selling the Mainstays candle to Plaintiff and other Class Members after Defendant received multiple complaints that the Mainstays candles were dangerous, Defendant acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish Defendant's conduct and to deter similar future conduct by Defendant or others.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count I of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendant and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## COUNT II
## RES IPSA LOQUITUR
## (IN THE ALTERNATIVE TO COUNT I)

45.    Plaintiff incorporates Paragraphs 1 through 32 of this Class Action Petition by reference as though fully set forth herein.

46.    The incident in which Plaintiff was injured, as described in Paragraphs 14 through 17 of this Petition, is an incident of the type that ordinarily occurs as a result of negligence by a manufacturer and/or seller.

47.    Excessively high flames, candle flashover (i.e., the entire fuel pool burning), and exploding glass are not things that normally occur when a candle is burned in the ordinary manner.

48.    There is no reason that excessively high flames, candle flashover, and exploding glass could have resulted from burning the candle in the ordinary manner, without a negligent act or omission of Defendant.

49.    The incident described in Paragraphs 14 through 17 of this Petition was caused by instrumentalities Defendant managed and had the right to control.

50.    Defendant managed or had the right to control the following instrumentalities that contributed to cause the incident described in Paragraphs 14 through 17 of this Petition:

        (a)    Employees and agents of Defendant who created and communicated specifications to the factory for the manufacture of the Mainstays candles;

        (b)    Employees and agents of Defendant who failed to take remedial or corrective action in response to reports of Mainstays candles functioning unsafely, causing injury, causing property damage, burning out of control, burning with high flames, and/or exploding during use; and

        (c)    The composition and design of the candle.

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:51 PM

51. Plaintiff did nothing to modify or alter the candle.

52. After purchasing the candle, Plaintiff stored it in a clean, dry place. Plaintiff did nothing to misuse the candle or introduce any foreign material to the candle.

53. After purchasing the candle and bringing it home from the store, the only things Plaintiff did to the candle prior to the incident described in Paragraphs 14 through 17 of this Petition were to place the candle and light the wick, all in the ordinary manner.

54. When the incident occurred, well over an inch of wax remained in the candle.

55. Other members of Subclass II and Subclass III experienced incidents similar to the incident Plaintiff experienced.

56. Defendant has superior knowledge and access to information about the cause of the incident that is the subject of this Petition in at least the following respects:

    (a) Defendant has superior knowledge of the requirements and specifications provided to the manufacturer of the candle;

    (b) Because Mainstays is a house brand manufactured exclusively for Walmart and its subsidiaries, Defendant has superior knowledge of or has access to the formula of the wax used in the candle, the material used for the wick, the composition and tolerances of the glass containing the candle;

    (c) Because Mainstays is a house brand manufactured exclusively for Walmart and its subsidiaries, Defendant has superior knowledge of or access to information about any testing or quality control measures implemented with respect to the production of the candle;

(d)    Defendant has superior knowledge of the process and considerations involved in product labeling, usage instructions, and safety warnings for the candle; and

(e)    Defendant has superior knowledge of the complaints and notifications of candles burning out of control or exploding that Defendant received prior to Plaintiff's injury.

57.    Defendant knew, or by exercise of reasonable care, should have known that its negligence was reasonably likely to result in injury or damage to Plaintiff and other Class Members.

58.    As a direct and proximate result of Defendant's negligence, Plaintiff was injured and damaged as set forth in Paragraph 18 of this Petition for Damages.

59.    As a direct and proximate result of Defendant's negligence, all members of Subclass I were damaged in the amount they paid for the candle they purchased from Defendant.

60.    As a direct and proximate result of Defendant's negligence, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

61.    As a direct and proximate result of Defendant's negligence, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count II of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

**COUNT III**
**STRICT LIABILITY – DEFECTIVE PRODUCT DESIGN AND MANUFACTURE**

62.     Plaintiff incorporates Paragraphs 1 through 44 of her Class Action Petition by reference as though fully set forth herein.

63.     Defendant sold the Mainstays candle that is the subject of this Petition in the course of its business.

64.     The candle was produced exclusively for Walmart and its subsidiaries.

65.     Defendant had the right to control and did control the design of the Mainstays candle sold to Plaintiff.

66.     At the time the candle was sold to Plaintiff, it was in a defective condition that was unreasonably dangerous when put to reasonably anticipated use.

67.     Plaintiff used the candle in a manner reasonably anticipated by placing it on a non-flammable, level surface away from any flammable materials and lighting the wick.

68.     Defendant sold Mainstays candles to other Class Members that were in a similarly defective condition and unreasonably dangerous when put to reasonably anticipated use.

69.     The candles were defectively designed in the following respects:

(a)    Failure to specify adequate heat strength of the candle's glass container, including but not limited to appropriate scratch test and temper specifications;

(b)    Failure to design the candle's glass container with adequately thick glass in a shape proportionately appropriate to the burn rate of the wick with the wax and additives used in the candle, such that the candle would not be prone to excessive pooling, tunneling, or other conditions likely to overheat the wax;

(c)    Failure to specify wick characteristics (e.g., wick material, diameter, shape, stiffness, fire resistance, pretreatments) that were safe to use with the candle container and the wax formulation and additives (e.g., fragrance, colorant, dye, pigment, Vybar, triple pressed stearic acid, palm stearic, UV absorbers, petrolatum) used in the candle;

(d)    Failure to specify a formula for wax and additives which, when combined in the finished candle, demonstrated oil content, flash point, melting point, and ignition point that were safe for the combination of the candle's container and wick.

(e)    Failure to design to limit the flame height to three inches or less;

(f)    Failure to design to meet industry standards for end of useful life of the candle;

(g)    Failure to adequately test the candle's design for safety and adherence to industry standards;

Electronically Filed  Jackson - Independence - March 24, 2020  03:51 PM

(h)     Failure to write instructions to accompany the candle which would inform consumers how to safely extinguish a candle that began burning out of control, burning with flames more than three inches high, or when the candle flashed over (the wax itself started burning); and

(i)     Any other design defects discovered in the course of this litigation.

70.     The candles were defectively manufactured in the following respects:

(a)     Failure to adhere to the design specifications for the candle's glass container;

(b)     Use of glass of excessively flawed or inconsistent quality;

(c)     Use of inadequately tempered glass;

(d)     Failure to conduct scratch tests of the glass container and failure to test its temper;

(e)     Failure to use the appropriate wick for the candle container and the combination of wax and additives (e.g., fragrance, colorant, dye, pigment, Vybar, triple pressed stearic acid, palm stearic, UV absorbers, petrolatum) used in the candle;

(f)     Failure to treat the wick with additives to ensure that is was sufficiently flame retardant for use in the candle;

(g)     Failure to use wax and additives which, when combined in the finished candle, demonstrated oil content, flash point, melting point, and ignition point that were safe for the combination of the candle's container and wick;

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:31 PM

(h)    Failure to test the oil content, flash point, melting point, and ignition point of the finished candle;

(i)    Failure to test the candle's flame height to ensure that it did not exceed three inches;

(j)    Failure to adequately test the candle for safety and adherence to industry standards;

(k)    Failure to conduct quality control testing for consistency (e.g., minimal variability) of the candle quality with respect to safety characteristics;

(l)    Inclusion of foreign materials in the candle wax;

(m)    Failure to provide instructions with the candle about how to safely extinguish a candle that began burning out of control, burning with flames more than three inches high, or when the candle flashed over (the wax itself started burning); and

(n)    Any other manufacturing defects discovered in the course of this litigation.

71.    The incident described in Paragraphs 13 through 16 of this Petition was caused by the defective Mainstays candle Defendant sold to Plaintiff.

72.    Other Members of Subclass II and Subclass III experienced similar incidents to Plaintiff's experience, as described in Paragraphs 13 through 16 of this Petition, when defective Mainstays candles sold by Defendant were put to reasonably anticipated use.

73.     As a direct and proximate result of the design defects and manufacturing defects herein described, Plaintiff was injured and damaged as set forth in Paragraph 18 of this Class Action Petition.

74.     As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass I were damaged in the amount they paid for the candle they purchased from Defendant.

75.     As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

76.     As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

77.     Defendant acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish Defendant's conduct and to deter similar future conduct by Defendant or others.  Punitive damage are warranted by Defendant's willful disregard for the life-threatening consequences of selling candles that Defendant had reason to know were not safely designed and manufactured, and because Defendant continued to selling defective Mainstays candles even after receiving notice that they were unsafe, flashing over, starting fires, and exploding.

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:31 PM

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count III of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendant and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

**COUNT IV**
**STRICT LIABILITY – FAILURE TO WARN**

78.     Plaintiff incorporates Paragraphs 1 through 44 and 62 through 77 of this Class Action Petition by reference as though fully set forth herein.

79.     Defendant sold the Mainstays candles that are the subject of this Petition in the course of its business.

80.     At the time the candles were sold to Plaintiff and the other Class Members, they were unreasonably dangerous when put to reasonably anticipated use without the user's knowledge of all of the candle's dangerous characteristics.

81.     Defendant did not provide Plaintiff and other Class Members adequate warning about the dangers from using the candle.

82.     The incident described in Paragraphs 13 through 17 of this Petition occurred when Plaintiff used the candle in a manner reasonably anticipated by placing it on a non-flammable, level surface away from any flammable materials and lighting the wick.

83.     Other members of Subclass II and Subclass III experienced incidents similar to Plaintiff's, as described in Paragraphs 13 through 16 of this Petition, after defective Mainstays candles sold by Walmart were used in a similarly reasonably anticipated manner.

84.     Defendant did not warn Plaintiff and other Class Members of the following:

23

89.     As a direct and proximate result of Defendant's failure to provide adequate warnings, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

90.     As a direct and proximate result of Defendant's failure to provide adequate warnings, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

91.     Defendant acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish Defendant's conduct and to deter similar future conduct by Defendant or others.

92.     Punitive damages are warranted because Defendant was aware of life-threatening risks that ordinary consumers would not have knowledge of, but nevertheless chose not to provide warnings.

93.     Punitive damages are warranted because Defendant continued to selling candles without adequate warning even after receiving notice dangerous incidents were occurring that might be prevented by adequate warnings, and after receiving notice that consumers did not know how to extinguish the candles after they flashed over or exploded.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count IV of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendant and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

**COUNT V**
**BREACH OF IMPLIED WARRANTY FOR A PARTICUAL PURPOSE**

94.     Plaintiff incorporates Paragraphs 1 through 42 and 62 through 93 of this Class Action Petition by reference as though fully set forth herein.

95.     At the time of the sale of the candles, Defendant knew or should have known, that the candles would be used in a manner similar to that described herein.

96.     At all times material hereto Defendant knew or should have known that buyers of the candles, such as Plaintiff and the Class, would rely on the seller's skill and judgment to select goods suitable for this purpose.

97.     At all times relevant hereto, there was a duty imposed by law which required that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for that product description.

98.     Notwithstanding this duty, at the time of delivery, the candles sold to Plaintiff and the other Class Members were not fit for use because they contained a defect that caused them to catch fire and did not otherwise perform as represented.

99.     Defendant was notified that the candles were not fit for use within a reasonable time after the defect manifested to Plaintiff and the Class.

100.    As a result of the aforesaid, Plaintiff and the Class sustained damages.

101.    The candles were not fit for the particular purpose for which Defendant knew or should have known they would be used for.

102.    Plaintiff and Subclass I were damaged in the amount they paid for the candle they purchased from Defendant.

103.    Plaintiff and Subclass II incurred expenses for property damaged caused by the faulty candles sold by Defendant.

104.    Plaintiff and Subclass III incurred pain and suffering, and will sustain pain and suffering in the future, incurred medical and hospital expenses and will incur more medical expenses in the future.

105.    Defendant's aforementioned conduct was the proximate cause of Plaintiff's and Class Member's injuries.

WHEREFORE, or the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count V of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendant and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

### COUNT VI
### MISSOURI MERCHANDISING PRACTICES ACT

106.    Plaintiff incorporates Paragraphs 1 through 42 and 62 through 105 of this Class Action Petition by reference as though fully set forth herein.

107.    Plaintiff and other Class Members purchased the candles that are the subject of this Petition from Defendant for personal and household purposes.

Electronically Filed - Jackson - Independence - March 24, 2020 - 03:38 PM

108.    Defendants engaged in deceptive and unfair practices prohibited by the Missouri Merchandising Practices Act, RSMO § 407.010 through § 407.943, including, but not limited to:

      (a)    Selling candles with defects as identified in Paragraphs 69 and 70 of this Petition, which were known or reasonably should have been known by Defendant without disclosing the defects to Plaintiff and other consumers;

      (b)    Failing to notify customers or recall candles like the one sold to Plaintiff after Defendant was made aware of other incidents during which the candles started fires, exploded, burned out of control, flashed over, or otherwise caused injury or property damage; and

      (c)    Failing to warn Plaintiff and other Class Members of dangers and risks as described in Paragraphs 84 and 85 of this Petition, when Defendant had no reason to believe that ordinary consumers would be aware of the risks and dangers.

109.    The incident that is the subject of this Petition, described in Paragraphs 14 through 17 herein, was caused by the defects Defendant failed to disclose as identified in Paragraphs 68 and 69 of this Petition.

110.    As a result of Defendant's deceptive and unfair practices, Plaintiff suffered an ascertainable loss as described in Paragraph 18 of this Petition.

111.    As a result of Defendant's deceptive and unfair practices, Plaintiff suffered additional damages as described in Paragraph 19 of this Petition.

112.    As a direct and proximate result of Defendant's deceptive and unfair practices, all members of Subclass I were induced to buy candles that they otherwise would not have chosen to buy, and suffered ascertainable losses in the amount they paid for the candles they purchased from Defendant.

113.    As a direct and proximate result of Defendant's deceptive and unfair practices, all members of Subclass II suffered ascertainable losses in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

114.    As a direct and proximate result of Defendant's deceptive and unfair practices, all members of Subclass III sustained a personal injury and suffered ascertainable losses in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

115.    Defendant's conduct as set forth herein was wanton, willful, outrageous, and performed with reckless disregard for the rights and interests of Plaintiff and other Class Members.

116.    Defendant's conduct warrants punitive damages in an amount that will punish Defendant and deter similar conduct in the future by Defendant and others.

117.    Plaintiff has incurred attorney fees and costs eligible to be awarded as provided under RSMO § 407.025.

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:51 PM

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count VI of this Petition against Defendant for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendant and effectively discourage similar future conduct, for attorney fees authorized by RSMO § 407.025, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Respectfully submitted,

WADDELL LAW FIRM LLC

/s/ A. Scott Waddell
A. Scott Waddell, MO#53900
2600 Grand, Suite 580
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-914-5365
Facsimile:  816-817-8500

PLAYTER & PLAYTER, LLC
Eric S. Playter, MO #58975
Chris R. Playter, MO #65109
400 SW Longview Boulevard, Suite 220
Lee's Summit, MO 64081
eric@playter.com
chris@playter.com
Telephone:  (816) 666-8902
Facsimile:  (816) 666-8903

MCINNES LAW LLC
Jack D. McInnes, MO #56904
1900 W. 75th Street, Suite 120
Prairie Village, Kansas 66208
jack@mcinnes-law.com
Telephone: 913-220-2488
Facsimile: 913-273-1671

**Attorneys for Plaintiffs**

**IN THE 16TH CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| SHELBY ELLEBRACHT, individually and ) | |
| on behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | Division _____ |
| WALMART INC., ) | |
| Serve Registered Agent: ) | |
| CT Corporation System ) | |
| 120 South Central Ave ) | |
| Clayton, MO 63105, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through her attorney of record, and for his Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | William Ferrell PPS20-0037 | Brent Kirkhart PPS20-0065 |
| Caleb Battreal PPS20-0010 | James Frago PPS20-0038 | Janice Kirkhart PPS20-0066 |
| Bernard Beletsky PPS20-0011 | John Frago PPS20-0039 | Tyler Kirkhart PPS20-0067 |
| Carrington Bell PPS20-0012 | Kenneth Frechette II PPS20-0040 | Damon Lester PPS20-0068 |
| Thomas Bogue PPS20-0013 | Andrew Garza PPS20-0041 | Daniel Maglothin PPS20-0069 |
| Brent Bohnhoff PPS20-0014 | Bradley Gordon PPS20-0042 | Chad Maier PPS20-0070 |
| Arthur Boyer PPS20-0015 | Thomas Gorgen PPS20-0043 | Kenneth Marshall PPS20-0071 |
| Scott Brady PPS20-0016 | Tom Gorgone PPS20-0044 | Deborah Martin PPS20-0072 |
| Gary Brakemeyer PPS20-0017 | Richard Gray PPS20-0045 | Michael Martin PPS20-0073 |
| Jeff Brown PPS20-0018 | Charles Gunning PPS20-0046 | Todd Martinson PPS20-0074 |
| Hester Bryant PPS20-0019 | James Hannah PPS20-0047 | Timothy McGarity PPS20-0075 |
| Nicholas Bull PPS20-0020 | Rufus harmon PPS20-0048 | Casey McKee PPS20-0076 |
| Randy Burrow PPS20-0021 | James Harvey PPS20-0049 | Michael Meador PPS20-0077 |
| Gory Burt PPS20-0022 | Natalie Hawks PPS20-0050 | Kenny Medlin PPS20-0078 |
| Kyle Carter PPS20-0023 | Douglas Hays PPS20-0051 | Maria Meier PPS20-0079 |
| Michael Conklin PPS20-0024 | Stephen Heitz PPS20-0052 | Thomas Melte PPS20-0080 |
| Lisa Corbett PPS20-0025 | Wendy Hilgenberg PPS20-0053 | Matthew Millhollin PPS20-0081 |
| Dennis Dahlberg PPS20-0026 | James Hise PPS20-0054 | James Mitchell PPS20-0082 |
| Mary Dahlberg PPS20-0027 | Gerald Hissam PPS20-0055 | Alexious Moehring PPS20-0083 |
| Bert Daniels JR PPS20-0028 | William Hockersmith PPS20-0056 | Jonathan Moehring PPS20-0084 |
| Richard Davis PPS20-0029 | Alex Holland PPS20-0057 | Jason Moody PPS20-0085 |
| David Dice PPS20-0030 | Mary Hurley PPS20-0058 | Ronald Moore PPS20-0086 |
| Maureen Dice PPS20-0031 | Betty Johnson PPS20-0059 | Andrew Myers PPS20-0087 |
| Norman Diggs PPS20-0032 | Edward Johnson PPS20-0060 | Frederick Myers PPS20-0088 |
| Edwina Ditmore PPS20-0033 | James Johnson PPS20-0061 | James Myers PPS20-0089 |
| Marrissa Doan PPS20-0034 | Etoya Jones PPS20-0062 | Stephanie Myers PPS20-0090 |
| Shawn Edwards PPS20-0035 | Patrick Jones PPS20-0063 | Christopher New PPS20-0091 |
| Tonya Elkins PPS20-0036 | Derec Kelley PPS20-0064 | Jeremy Nicholas PPS20-0092 |

Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159
Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107

Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111
Michael Siegel PPS20-214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216
William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119
Michael Taylor PPS20-0120

Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122
Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

Electronically Filed - Jackson - Independence - March 24, 2020 - 02:03 PM

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

/s/ A. Scott Waddell
A. Scott Waddell        MO# 53900
Waddell Law Firm LLC
2600 Grand, Suite 580
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-914-5365
Facsimile: 816-817-8500
**Attorney for Plaintiff**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____        _____

J                                    Judge or Clerk

Electronically Filed - Jackson - Independence - March 24, 2020 - 09:51 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY    ☒ AT INDEPENDENCE

**RE:** SHELBY N ELLEBRACHT V WALMART INC.
**CASE NO:** 2016-CV09858

**TO:** A SCOTT WADDELL
WADDELL LAW FIRM LLC
2600 GRAND BLVD STE 580
KANSAS CITY, MO 64108

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on 3/24/20. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☒ Insufficient Filing Fee; Please Remit $2.50
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:   FILING FEE WAS SHORT $2.50. PLEASE SUBMIT ASAP SO THAT COURT DATE CAN BE SET AND SUMMONS ISSUED. THANK YOU  QUESTIONS PLEASE CALL TERESA MORALES 881-1656**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.** Collection efforts will be pursued for these costs.

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed MARCH 27, 2020 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____
MARCH 27, 2020
Date

By _____
Deputy Court Administrator
☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

**IN THE 16TH CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| SHELBY ELLEBRACHT, individually and on behalf of all others similarly situated,  ) ) ) | |
| Plaintiff,  ) ) | Case No. _____ |
| v.  ) ) | Division _____ |
| WALMART INC.,  ) | |
| Serve Registered Agent:  ) | |
| CT Corporation System  ) | |
| 120 South Central Ave  ) | |
| Clayton, MO 63105,  ) | |
|  ) | |
| Defendant.  ) | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through her attorney of record, and for his Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | William Ferrell PPS20-0037 | Brent Kirkhart PPS20-0065 |
| Caleb Battreal PPS20-0010 | James Frago PPS20-0038 | Janice Kirkhart PPS20-0066 |
| Bernard Beletsky PPS20-0011 | John Frago PPS20-0039 | Tyler Kirkhart PPS20-0067 |
| Carrington Bell PPS20-0012 | Kenneth Frechette II PPS20-0040 | Damon Lester PPS20-0068 |
| Thomas Bogue PPS20-0013 | Andrew Garza PPS20-0041 | Daniel Maglothin PPS20-0069 |
| Brent Bohnhoff PPS20-0014 | Bradley Gordon PPS20-0042 | Chad Maier PPS20-0070 |
| Arthur Boyer PPS20-0015 | Thomas Gorgen PPS20-0043 | Kenneth Marshall PPS20-0071 |
| Scott Brady PPS20-0016 | Tom Gorgone PPS20-0044 | Deborah Martin PPS20-0072 |
| Gary Brakemeyer PPS20-0017 | Richard Gray PPS20-0045 | Michael Martin PPS20-0073 |
| Jeff Brown PPS20-0018 | Charles Gunning PPS20-0046 | Todd Martinson PPS20-0074 |
| Hester Bryant PPS20-0019 | James Hannah PPS20-0047 | Timothy McGarity PPS20-0075 |
| Nicholas Bull PPS20-0020 | Rufus harmon PPS20-0048 | Casey McKee PPS20-0076 |
| Randy Burrow PPS20-0021 | James Harvey PPS20-0049 | Michael Meador PPS20-0077 |
| Gory Burt PPS20-0022 | Natalie Hawks PPS20-0050 | Kenny Medlin PPS20-0078 |
| Kyle Carter PPS20-0023 | Douglas Hays PPS20-0051 | Maria Meier PPS20-0079 |
| Michael Conklin PPS20-0024 | Stephen Heitz PPS20-0052 | Thomas Melte PPS20-0080 |
| Lisa Corbett PPS20-0025 | Wendy Hilgenberg PPS20-0053 | Matthew Millhollin PPS20-0081 |
| Dennis Dahlberg PPS20-0026 | James Hise PPS20-0054 | James Mitchell PPS20-0082 |
| Mary Dahlberg PPS20-0027 | Gerald Hissam PPS20-0055 | Alexious Moehring PPS20-0083 |
| Bert Daniels JR PPS20-0028 | William Hockersmith PPS20-0056 | Jonathan Moehring PPS20-0084 |
| Richard Davis PPS20-0029 | Alex Holland PPS20-0057 | Jason Moody PPS20-0085 |
| David Dice PPS20-0030 | Mary Hurley PPS20-0058 | Ronald Moore PPS20-0086 |
| Maureen Dice PPS20-0031 | Betty Johnson PPS20-0059 | Andrew Myers PPS20-0087 |
| Norman Diggs PPS20-0032 | Edward Johnson PPS20-0060 | Frederick Myers PPS20-0088 |
| Edwina Ditmore PPS20-0033 | James Johnson PPS20-0061 | James Myers PPS20-0089 |
| Marrissa Doan PPS20-0034 | Etoya Jones PPS20-0062 | Stephanie Myers PPS20-0090 |
| Shawn Edwards PPS20-0035 | Patrick Jones PPS20-0063 | Christopher New PPS20-0091 |
| Tonya Elkins PPS20-0036 | Derec Kelley PPS20-0064 | Jeremy Nicholas PPS20-0092 |

Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159
Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107

Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111
Michael Siegel PPS20-214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216
William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119
Michael Taylor PPS20-0120

Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122
Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

Electronically Filed - Jackson - Independence - March 24, 2020 - 03:51 PM

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

*/s/ A. Scott Waddell*
A. Scott Waddell    MO# 53900
Waddell Law Firm LLC
2600 Grand, Suite 580
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-914-5365
Facsimile: 816-817-8500
**Attorney for Plaintiff**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____02-Apr-2020_____

J

**DEPUTY COURT ADMINISTRATOR**

Electronically Filed - Jackson - Independence - March 24, 2020 - 03:31 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

SHELBY N. ELLEBRACHT,

|                          |                           |
|--------------------------|---------------------------|
| **PLAINTIFF(S),**        | **CASE NO. 2016-CV09850** |
| VS.                      | DIVISION 17               |

WALMART INC.,

### DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable CORY LEE ATKINS on 21-JUL-2020 in DIVISION 17 at 08:30 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.      A trial setting;

b.      Expert Witness Disclosure Cutoff Date;

c.      A schedule for the orderly preparation of the case for trial;

d.      Any issues which require input or action by the Court;

e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ CORY LEE ATKINS
CORY LEE ATKINS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
A. SCOTT WADDELL, WADDELL LAW FIRM LLC, 2600 GRAND BLVD STE 580, KANSAS CITY, MO 64108

Defendant(s):
WALMART INC.

Dated: 02-APR-2020

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2016-CV09850 |
|---|---|
| Plaintiff/Petitioner:<br>SHELBY N. ELLEBRACHT | Plaintiff's/Petitioner's Attorney/Address<br>A SCOTT WADDELL<br>WADDELL LAW FIRM LLC<br>2600 GRAND BLVD STE 580<br>KANSAS CITY, MO 64108 |
| vs. | |
| Defendant/Respondent:<br>WALMART INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WALMART INC.
**Alias:**

SRV RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

02-APR-2020
Date

Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date | Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-2920** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13 and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00361-BP   Document 1-3   Filed 05/06/20   Page 43 of 52

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

SHELBY ELLEBRACHT, individually and )
on behalf of all others similarly situated, )
                         )
                         )      Case No. 2016-CV09850
      Plaintiff, )
                         )
v. )      Division 17
                         )
WALMART INC., )      JURY TRIAL DEMANDED
                         )
      Defendant. )

## ENTRY OF APPEARANCE

COMES NOW Eric S. Playter of Playter & Playter, LLC and hereby enters his appearance

as co-counsel for plaintiff Shelley Ellebracht. Scott Waddell shall remain lead counsel of record

for purposes of Local Rule 3.5.

Respectfully submitted,

**PLAYTER & PLAYTER, LLC**

*/s/ Eric S. Playter*
Eric S. Playter, MO #58975
eric@playter.com
Chris R. Playter, MO #65109
chris@playter.com
400 SW Longview Boulevard, Suite 220
Lee's Summit, MO 64081
(816) 666-8902 (Main)
(816) 666-8905 (Main)
(816) 666-8903 (Facsimile)

**WADDELL LAW FIRM, LLC**
A. Scott Waddell, MO#53900
2600 Grand, Suite 580
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-914-5365
Facsimile: 816-817-8500

**McInnes Law LLC**
Jack D. McInnes, MO #56904
1900 W. 75th Street, Suite 120
Prairie Village, Kansas 66208
jack@mcinnes-law.com
Telephone: 913-220-2488
Facsimile: 913-273-1671
**ATTORNEYS FOR PLAINTIFFS**

2

Electronically Filed - Jackson - Independence - April 04, 2020 - 05:53 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| SHELBY N. ELLEBRACHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2016-CV09850 |
| WALMART, INC., | ) Division 17 |
| | ) |
| Defendant. | ) |
| | ) |

## ENTRY OF APPEARANCE OF JACK MCINNES

COMES NOW Jack McInnes, of McInnes Law LLC, and hereby enters his appearance as co-counsel for Plaintiff in the above-entitled action.

Dated:      April 4, 2020                    Respectfully submitted,

*/s/ Jack McInnes*
Jack McInnes, MO Bar No. 56904
Pamela Nagel Jorgensen, MO Bar No. 69718
MCINNES LAW LLC
1900 West 75th Street, Suite 120
Prairie Village, KS 66208
Telephone: (913) 220-2488
Facsimile: (913) 273-1671
jack@mcinnes-law.com
pam@mcinnes-law.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via Case.net and served on counsel of record through the Notice of Electronic Filing.

By: */s/ Jack McInnes*

Page **1** of 1

Electronically Filed - Jackson - Independence - April 04, 2020 - 05:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| SHELBY N. ELLEBRACHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2016-CV09850 |
| WALMART, INC., | ) Division 17 |
| | ) |
| Defendant. | ) |
| | ) |

### ENTRY OF APPEARANCE OF PAMELA NAGEL JORGENSEN

COMES NOW Pamela Nagel Jorgensen, of McInnes Law LLC, and hereby enters her appearance as co-counsel for Plaintiff in the above-entitled action.

Dated:      April 4, 2020                    Respectfully submitted,


                                             */s/ Pamela Nagel Jorgensen*
                                             Jack McInnes, MO Bar No. 56904
                                             Pamela Nagel Jorgensen, MO Bar No. 69718
                                             MCINNES LAW LLC
                                             1900 West 75th Street, Suite 120
                                             Prairie Village, KS 66208
                                             Telephone: (913) 220-2488
                                             Facsimile: (913) 273-1671
                                             jack@mcinnes-law.com
                                             pam@mcinnes-law.com

                                             ATTORNEYS FOR PLAINTIFF


### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendants through the Notice of Electronic Filing.

                              By: */s/ Pamela Nagel Jorgensen*

Electronically Filed - Jackson - Independence - April 09, 2020 - 12:36 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                                **Circuit Court**

Case Number: 2016-CV09850

Plaintiff:
**SHELBY N ELLEBRACHT**
vs.
Defendant:
**WALMART INC**

POW2020003424

For: WADDELL LAW FIRM LLC

Received by D & B Legal Services, Inc. on the 3rd day of April, 2020 at 11:37 am to be served on **WALMART INC C/O CT CORPORATION SYSTEM, 120 SOUTH CENTRAL AVE, CLAYTON, MO 63105**. I, _MARY KRUSS_, being duly sworn, depose and say that on the __ day of _APRIL_, 2020 at _9:00_ .m., executed service by delivering a true copy of the **Summons in Civil Case, Class Action Petition, Notice of Case Management Conference for Civil Case and Order for Mediation** in accordance with state statutes in the manner marked below:

X CORPORATE SERVICE: By serving _BRIANNE LOVE_ as _PROCESS SPECIALIST_ _____.

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as
_____ at the alternate address of _____.

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( )NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __ day of
_____, ___ by the affiant who is personally
known to me.

NOTARY PUBLIC

LAWANDA KRUSS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 12394...
My Commission Expires December 16, 20...

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2020003424

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - Jackson - Independence - April 08, 2020 - 12:35 PM

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: CORY LEE ATKINS | Case Number: 2016-CV09850 |
|---|---|
| Plaintiff/Petitioner: SHELBY N. ELLEBRACHT | Plaintiff's/Petitioner's Attorney/Address A SCOTT WADDELL WADDELL LAW FIRM LLC 2600 GRAND BLVD STE 580 KANSAS CITY, MO 64108 |
| vs. | |
| Defendant/Respondent: WALMART INC. | Court Address: 308 W Kansas INDEPENDENCE, MO 64050 |
| Nature of Suit: CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  WALMART INC.

**Alias:**

SRV RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

02-APR-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name), _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ | _____
Date | Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:20-cv-00361-BP   Document 1-3   Filed 05/06/20   Page 50 of 52

Electronically Filed - Jackson - Independence - April 09, 2020 - 12:05 PM

## AFFIDAVIT OF SERVICE

| State of Missouri | County of Jackson | Circuit Court |
|---|---|---|

Case Number: 2016-CV09850

Plaintiff:
**SHELBY N ELLEBRACHT**
vs.
Defendant:
**WALMART INC**

POW2020003424

For: WADDELL LAW FIRM LLC

Received by D & B Legal Services, Inc. on the 3rd day of April, 2020 at 11:37 am to be served on **WALMART INC C/O CT CORPORATION SYSTEM, 120 SOUTH CENTRAL AVE, CLAYTON, MO 63105.** I, _MARY KAUSS_, being duly sworn, depose and say that on the ___ day of _APRIL_, 20_20_ at _9:03_ a.m., executed service by delivering a true copy of the **Summons In Civil Case, Class Action Petition, Notice of Case Management Conference for Civil Case and Order for Mediation** in accordance with state statutes in the manner marked below:

[X] CORPORATE SERVICE: By serving _BONNIE LOVE_ as _PROCESS SPECIALIST_.

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as _____ at the alternate address of _____

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___ day of
_____ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

LAWANDA RAUSS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # _____
My Commission Expires _____

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2020003424

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2016-CV09850 |
|---|---|
| Plaintiff/Petitioner:<br>SHELBY N. ELLEBRACHT | Plaintiff's/Petitioner's Attorney/Address<br>A SCOTT WADDELL<br>WADDELL LAW FIRM LLC<br>2600 GRAND BLVD STE 580<br>KANSAS CITY, MO 64108 |
| vs. | |
| Defendant/Respondent:<br>WALMART INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: WALMART INC.<br>Alias:<br>SRV RA: CT CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVE<br>CLAYTON, MO 63105 | **PRIVATE PROCESS SERVER** |
|---|---|
| *COURT SEAL OF*<br><br>*JACKSON COUNTY* | You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.<br><br>02-APR-2020<br>Date             Clerk<br>Further Information: |

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
         Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jackson - Independence - April 08, 2020 - 12:55 PM